J-S50034-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVINGTON JAHMAI CUMMINGS | : | |
| | : | |
| Appellant | : | No. 378 WDA 2019 |

Appeal from the PCRA Order Entered April 18, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001604-2015

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                FILED SEPTEMBER 16, 2019

Appellant, Kevington Jahmai Cummings, appeals from the order entered April 18, 2018, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.   Additionally, PCRA counsel, William J. Hathaway, Esquire, has filed an application to withdraw pursuant to Turner/Finley[2].   We affirm and grant PCRA counsel's application to withdraw.

On September 22, 2016, Appellant pleaded guilty to murder of the third degree.[3]   Appellant filed a direct appeal, which was dismissed on April 13, 2017.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[3] 18 Pa.C.S. § 2502(c).

On November 6, 2017, Appellant filed his first, pro se, timely PCRA petition, alleging "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." PCRA Petition, 11/6/2017, at 2. The petition continued that Appellant's preliminary arraignment occurred 13 days after his arrest and that the arrest warrant, including its affidavit, was defective. Id. at 4. The petition further alleged that "[n]o arrest can be made without an affidavit of probable cause." Id. The petition also pleaded: "Evidence was never recorded as evidence until 4-3-2015 that was taken on 4-1-2015. My attorney failed to raise these issues." Id. At the conclusion of the petition, Appellant requested "[r]elease from custody and discharge[.]" Id. at 6.

On November 9, 2017, the PCRA court appointed counsel to represent Appellant. The PCRA court ordered PCRA counsel to file an amended petition within 30 days of the date of the order. After the PCRA court granted PCRA counsel an extension, PCRA counsel filed a petition to withdraw and a "no merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). The PCRA court never responded to PCRA counsel's motion to withdraw.

On January 30, 2018, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. On April 18, 2018, the PCRA court dismissed Appellant's petition.

The docket reflects that Appellant filed a pro se notice of appeal on May 14, 2018, although he was still represented by counsel. The notice of appeal was docketed in the trial court on May 21, 2018. However, the notice was not forwarded to PCRA counsel pursuant to Pa.R.Crim.P. 576(A)(4) until February 7, 2019, and was never forwarded to this Court pursuant to the Note to Pa.R.A.P. 902. The pro se notice of appeal was not forwarded to this Court. PCRA counsel subsequently filed an untimely notice of appeal on March 7, 2019. The counseled notice of appeal was forwarded to this Court.

In this Commonwealth, hybrid representation is not permitted. See, e.g., Commonwealth v. Jette, 23 A.3d 1032, 1036 (Pa. 2011) (petitioner's pro se motion for remand when that petitioner is represented by counsel is impermissible as hybrid representation). Accordingly, this Court generally will not accept a pro se motion while an appellant is represented by counsel, and pro se motions thereby have no legal effect and are considered legal nullities. See Commonwealth v. Nischan, 928 A.2d 349, 355 (Pa. Super. 2007) (discussing a pro se post-sentence motion filed by a petitioner who had counsel). When a counseled defendant files a pro se document, it must be noted on the certified docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action should be taken. Commonwealth v. Williams, 151 A.3d 621, 623 (Pa. Super. 2016). "Moreover, a pro se filing has no tolling effect." Id. (citing Comment to Pa.R.Crim.P. 576 ("The requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of

the filing, and does not trigger any deadline nor require any response.")). However, in Williams, id. at 624, this Court carved out an exception to these procedures: this Court is required to docket a pro se notice of appeal even when the appellant is still represented by counsel.

In Williams, id., as in the current action, an appellant who was represented by counsel filed a pro se notice of appeal that was docketed in the trial court but not forwarded to this Court. This Court deemed the trial court's failure to forward the pro se notice of appeal to be a breakdown in the operation of the courts and consequently accepted the appeal as timely and reviewable. Id. at 624 (citing Commonwealth v. Leatherby, 116 A.3d 73, 79 (Pa. Super. 2015) (an appellant "should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court")); see also Commonwealth v. Khalil, 806 A.3d 415, 420 (Pa. Super. 2002) (generally, the time for filing an appeal cannot be extended, but an exception to this doctrine exists where there has been a breakdown in the processes of the court that caused the appeal to be untimely). Analogously, we will deem the PCRA court's failure to forward Appellant's pro se notice of appeal to this Court and its more than eight-month delay in forwarding the pro se notice of appeal to PCRA counsel to be a breakdown in

the operation of the courts.  See Williams, 151 A.3d at 624.  Ergo, we will likewise accept this appeal as timely and reviewable.[4]

On July 8, 2019, PCRA counsel filed a Turner/Finley brief with this Court, along with a motion to withdraw as counsel.[5]

> Prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel. . . . Counsel petitioning to withdraw from PCRA representation must proceed under . . . Turner . . . and Finley . . . and must review the case zealously.  Turner/Finley counsel must then submit a . . . brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner:  (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of Turner/Finley, the court—trial court or this Court—must then conduct its own review of the merits of the case.  If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

---

[4] On March 28, 2019, PCRA counsel filed a "Statement of Intent to File Finley Brief" in lieu of a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  On April 30, 2019, the PCRA court entered an order stating that it would not be filing an opinion pursuant to Pa.R.A.P. 1925(a).

[5] Appellant did not file a pro se or counseled response to the Turner/Finley brief or PCRA counsel's motion to withdraw.  On August 2, 2019, the Commonwealth sent a letter to this Court's Prothonotary stating that it was electing not to file a brief.  Letter from John H. Daneri, District Attorney, to Nicholas V. Corsetti, Deputy Prothonotary (August 2, 2019).

Commonwealth v. Muzzy, 141 A.3d 509, 510–11 (Pa. Super. 2016) (internal citation omitted) (some formatting).

Based on our review, we conclude that PCRA counsel has satisfied, in the most cursory fashion,[6] the technical demands of Turner/Finley in his brief. See id. In addition, counsel has sent the following to Appellant: (1) a copy of the "no merit" brief, (2) a copy of his petition to withdraw, and (3) a statement advising appellant that he has the right to retain new counsel to pursue the appeal, proceed pro se, or raise additional points deemed worthy of the court's attention. See Letter from PCRA counsel to Appellant (July 8, 2019). Accordingly, we must conduct our own independent evaluation of the record to ascertain whether we agree with PCRA counsel that Appellant's claims are without merit. See Muzzy, 141 A.3d at 511.

_____

[6] The Turner/Finley brief is not divided into sections and does not include a statement of jurisdiction, a copy or the text of the order in question, a statement of both the scope of review and the standard of review, a statement of the questions involved, or a statement of the case, as required by Pa.R.A.P. 2111(a), amongst other defects. Although we have chosen to apply our rules liberally, see Pa.R.A.P. 105(a) ("[t]hese rules shall be liberally construed"), and thus to address Appellant's substantive issues, we admonish PCRA counsel for his failure to adhere to the Rules of Appellate Procedure, and we remind him of the following:

> The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.

Commonwealth v. Briggs, 12 A.3d 291, 343 (Pa. 2011).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." Commonwealth v. Medina, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting Commonwealth v. Brown, 196 A.3d 130, 150 (Pa. 2018)).

In the current appeal, Appellant pleaded guilty, but his PCRA petition alleged ineffective assistance of trial counsel for failing to raise multiple underlying issues related to his arrest and to the collection of evidence, but unrelated to the plea proceedings. PCRA Petition, 11/6/2017, at 2, 4.

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty. . . . The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Commonwealth v. Patterson, 143 A.3d 394, 397 (Pa. Super. 2016) (emphasis added) (citation omitted); see also Commonwealth v. Hickman, 799 A.2d 136, 140 (Pa. Super. 2002) ("we review whether plea counsel's erroneous advice amounted to ineffective assistance of counsel which invalidated [the a]ppellant's guilty plea"). In the current case, Appellant never contended that trial counsel's ineffective or incompetent advice caused him to enter a guilty plea or that his guilty plea was involuntary. See PCRA Petition, 11/6/2017, at 2, 4. Hence, he has failed to plead or to establish that he should be permitted to withdraw his guilty plea under the PCRA due to ineffective assistance of counsel. See Patterson, 143 A.3d at 397; see also Hickman, 799 A.2d at 143 (appropriate remedy for defendant's invalid guilty plea,

- 7 -

entered due to counsel's ineffective assistance, was "no more than an opportunity to withdraw his plea[,]" not modification of his sentence or other relief).

For the reasons given above, we conclude that Appellant's issues are meritless. Having discerned no error of law, we affirm the order below. See Medina, 209 A.3d at 996. As we agree that Appellant's claims are without merit, we also grant PCRA counsel's petition to withdraw.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/16/2019